## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Bolick, et al.,      : <br>      **Plaintiff,**    : <br>   v.      : <br>      : <br> **DFS Services LLC,**      : <br>      **Defendants.**    : <br>      : | **CIVIL NO. 10-cv-5211** |

## MEMORANDUM ORDER & OPINION

**RUFE, J.**                                                                                          **September 16, 2011**

Before the Court are Motions to Dismiss and for Summary Judgment filed by Defendant DB Servicing Corporation ("Discover"), successor to Defendant DFS Services LLC, et al., and a Motion for Partial Summary Judgment filed by pro se Plaintiff Thomas Bolick.  Because matters outside the pleadings have been presented to the Court by both Parties, the Court will also treat the pending Motion to Dismiss as one for Summary Judgment.[1]

### I. BACKGROUND

The basis of this lawsuit is pro se Bolick's claim that Defendant Discover, the servicer of his Discover business credit card, falsely reported to Equifax Information Systems LLC ("Equifax"), a credit reporting agency, that Bolick's account was past due, with a status of "charge-off."[2]

This dispute arose out of a $410.26 purchase from Linens N' Things, a now out-of-business home goods store.[3]  Bolick made the purchase using a credit card issued by non-party

---

[1] Though notice is typically required to convert a 12(b)(6) motion into one for Summary Judgment, such notice is not required where the plaintiffs are well aware of the issues being determined and have sufficient time and opportunity to discover relevant documents and to submit additional documents to support their position.  See, e.g., Burnham v. Humphrey Hospitality Reit Trust, Inc., 403 F.3d 709, 714 (10th Cir. 2005).

[2] Compl. ¶¶ 8, 9.

[3] Although Plaintiff argues that this purchase was not at the root of this dispute in his opposition to the Pending Motion for Summary Judgment, his deposition contradicts this assertion.  There, Bolick initially had difficulty remembering if the $410.26 Linens N'Things was the disputed purchase.  After

Discover Bank ("the Bank") in June 2008.[4]  At some point after the purchase, Bolick contacted

Discover, claiming that he was entitled to a refund for the $410.26 charge because the goods

purchased were never delivered.[5]  The only document Bolick presented in support of his claim

was an illegible document he claimed was a return receipt for the purchase.[6]  Discover contacted

Linens N' Things to investigate the claim.  In response to Discover's query, the store submitted a

receipt reflecting that the purchase was valid.[7]  On that basis, Discover refused to credit Bolick's

account.  Because Discover refused to credit his account, Bolick stopped making the required

payments towards his Discover business credit card entirely.[8]

Bolick officially disputed the accuracy of his credit account balance and status with

Equifax on three occasions.  Each time, Equifax notified Discover, and Discover investigated the

account.  After each investigation, Discover reported to Equifax that the account's balance and

delinquent status were accurate.[9]

On February 28, 2010, after nine months of non-payment, the balance of Plaintiff's

Discover account ($952.14) was charged off.[10]  That month, Bolick filed a complaint against

non-party Discover Bank ("the Bank") in the Northumberland County Court of Common Pleas,

alleging that he did not owe the disputed sum, and obtained a default judgment on March 26,

---

reviewing his Discover billing statements, however, Bolick conceded that he had disputed the $410.26 charge.  See Def.'s Mem., Ex. A, 26–29 ( "Bolick Dep."); see also Def.'s Mem. Ex. B (Letter to Discover, signed by Thomas Bolick, disputing the Linen N' Things purchase).  Plaintiff's assertions to the contrary, without more, are insufficient to create a genuine issue of material fact.  See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

[4] Bolick Dep. at 88; Compl. ¶ 4; Aff. of Michael Wierzbicki ¶ 5 ("Wierzbicki Aff. at ¶ 5).

[5] Bolick Dep. at 57.

[6] Wierzbicki Aff. ¶ 11; Def.'s Mem. Ex. C.

[7] Wierzbicki Aff. ¶ 13.

[8] Bolick Dep. at 64.

[9] Wierzbicki Aff. ¶¶ 16, 18, 21.

[10] Wierzbicki Aff. ¶ 15.

2010 in the amount of $2,084.50.[11]  Subsequently, the Bank challenged the Default Judgment against it by filing a Writ of Certiorari Review in the Northumberland County Court of Common Pleas, asserting that the Default Judgment was void for lack of jurisdiction.  The Court of Common Pleas agreed, and vacated the default judgment on February 7, 2011.[12]

Bolick's nine-count complaint alleges that the defendants have violated the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collections Practices Act ("FDCPA"), Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), Pennsylvania's Unfair Trade Practices and Consumer Protection law ("UTPCPL" ), and committed several torts against Bolick, including defamation, common law fraud, civil extortion,  negligence, and invasion of privacy.[13]

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[14]  A fact is "material" if it could affect the outcome of the suit, given the applicable substantive law.[15]  A dispute about a material fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party."[16]

A party moving for summary judgment has the initial burden of supporting its motion by

---

[11] Def.'s Mem. Ex. E.

[12] Def.'s Mem. Ex. D. (Bolick v. Discover Card, No. 10-2014, Northumberland County Pennsylvania, Order, (vacating default judgment because proper service on Defendant was not established).

[13] Bolick originally included a claim of intentional infliction of emotional distress, but withdrew that claim on the record at an April 6, 2011 hearing.  See April 7, 2011 Order [doc. no. 55] ("Per the agreement of the Parties, and Plaintiff's on-the-record withdrawal of any claim for medical damages or emotional distress, Equifax withdraws its request for Plaintiff's medical records.").

[14] Fed. R. Civ. P. 56(a) (amended Dec. 1, 2010); see also Heath v. Shannon, --- F.3d----, 2011 WL 3736073, at * 1 (3d Cir. Aug. 25, 2011).

[15] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[16] Id.

3

reference to admissible evidence.[17]  If this initial requirement is satisfied, the burden shifts to the nonmoving party to set out specific facts showing a genuine issue for trial.  The nonmoving party may meet this burden either by submitting evidence that negates an essential element of the moving party's claims, or by demonstrating that the movant's factual evidence is insufficient to establish an essential element of its claims.[18] The facts the nonmovant relies on for these purposes also must be demonstrated by admissible evidence.[19]

In considering a summary judgment motion, the Court does not weigh the evidence or make credibility determinations; "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."[20]

### III. DISCUSSION

Bolick's complaint rests entirely on his contention that Discover inaccurately reported his account as "past due" with a status of "charge off."  Because Bolick has failed to submit *any* evidence to substantiate his claim that Discover inaccurately reported his Discover account's status, each count of his complaint fails.  Bolick's FCRA,[21] UTPCPL,[22] breach-of-contract,[23]

---

[17] Callahan v. A.E.V., Inc., 182 F.3d 237, 252 n.11 (3d Cir. 1999).

[18] Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986).

[19] Callahan, 182 F.3d at 252 n.11.

[20] Anderson, 477 U.S. at 255.

[21] See Klotz v. Trans Union, LLC, 246 F.R.D. 208, 212–13 (E.D. Pa. 2007) ("A [FCRA claim] will fail if the consumer cannot show that the information in his or her file was inaccurate . . . .  If the information in a consumer's file was, in fact, correct, then no investigation could have revealed the existence of inaccurate information because there was not inaccurate information to uncover." ).

[22] Colaizzi v. Beck, 895 A.2d 36, 39 (Pa. Super. Ct. 2006) (holding that to advance a UTPCPL claim, Plaintiff must establish the elements of common law fraud, which includes a "misrepresentation of material fact.").

[23] See Vurmindi v. Fuqua Sch. of Business, --- F.3d ---, 2011 WL 2601584, at * 2 (3d Cir. 2011) (listing the elements of a breach-of-contract claim as: the existence of a contract, a breach of duty, and resulting damage).  Presumably, although it is unclear from Bolick's papers, Discover allegedly breached its contract with Bolick by misreporting account information to Equifax.  Thus, Bolick's failure to create a disputed issue of material fact regarding the alleged misstatement is also dispositive to his claim.

negligence, invasion-of-privacy,[24] and defamation[25] claims require him to plead that his credit information was inaccurately reported.[26]

Plaintiff claims that he was improperly charged $ 410.26 for items he purchased and either did not receive, received in an unacceptable condition, or returned.  The sole evidence Plaintiff has introduced in support is the Northumberland Magisterial Court's default judgment—which was vacated by the Northumberland County Court of Common Pleas on February 7, 2011.[27]  It is well established that a void judgment is a "nullity."[28]

On the other hand, Defendants submit an affidavit from a Discover employee, stating that

---

[24] Bolick's claim could implicate two types of invasion of privacy: public disclosure of embarrassing facts, or publicity placing him in a false light.  See Vurimini, 2011 WL 2601584 at * 3.  Under Pennsylvania law, the tort of false light-invasion of privacy involves publicity that unreasonably places the other in a *false* light before the public."  Smith v. PNC Bank, 2011 WL 2672013, at * 5 (W.D. Pa. Jun. 2, 2011).  Although Pennsylvania also recognizes a claim of invasion of privacy based on the publication of "true but 'private' facts," such a claim is only cognizable upon a "showing of unreasonable publicity sufficient to make a matter known to the public at large or to so many persons as to make their information public knowledge."  Vurimini, 2011 WL 2601584 at * 4.  Here, Bolick only claims that Discover publicized the disputed information to one credit-reporting agency.  This is insufficient to state an invasion-of-privacy claim as a matter of law.  Gagliardi v. Experian Info. Solutions, Inc., No. 8-892, 2009 WL 365647, at * 5 (W.D. Pa. 2009) (finding that the defendants' reporting of plaintiff's financial information to three credit agencies was not widespread dissemination).

[25] McDowell v. Paiewonsky, 769 F.2d 942, 946 (3d Cir. 1985) ("To create liability for defamation, there must be . . . a *false* and defamatory statement concerning another.").

[26] Plaintiffs' Fair Debt Collection Practice Act claim fails as a matter of law.  By its terms, the FDCPA's provisions "generally apply only to 'debt collectors.'"  Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000); see also Prince v. NCO Fin. Servs., Inc., 346 F. Supp. 2d 744, 747 (E.D. Pa. 2004).  Under the FDCPA, a loan servicer, someone who services but does not own the debt, is not a "debt collector" under the FDCPA unless the debt being serviced was in default at the time the servicer obtained it.  §1692a(6)(F)(iii); see Dawson v. Dovenmuehle Morg., Inc., No. 00-6171, 2002 WL 501499, at *5 (E.D. Pa. Apr. 3, 2002).  Here, Defendant has stipulated that "Discover services the credit card that is the subject of this action and has serviced the credit card since Plaintiff opened the account." Stmt. of Stip. Facts ¶ 13.  Thus, Defendant is not a debt collector and the FDCPA does not apply.

The FCEUA is Pennsylvania's counterpart to the FDCPA, thus, this claim also fails as a matter of law.  See Sherk v. Countrywide Home Loans, Inc., 2009 WL 2412750, at *7 (E.D. Pa. Aug. 5, 2009).

[27] Defs. Mem. Ex. H.  Plaintiff also stipulated that he "believes Discover's reporting was false because of the default judgment he obtained in the Magisterial District Court of Northumberland County."  Stmt. Of Stip. Facts at ¶ 12.

Bolick has twice moved this Court to set aside the Court of Common Pleas judgment.  See doc. nos. 31 & 78.  As the Court explained in its Order denying the first motion, this Court has no authority to vacate the Northumberland County Court of Common Pleas' February 7, 2011 Order.  See doc. no. 62.

[28] United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000).

1) Plaintiff was unable to substantiate that the charge was improper; 2) that Linens N' Things provided documentation verifying the purchase; and 3) that the only documentation submitted by Plaintiff was a blank and illegible receipt.  Defendants also attached the "documentation" Plaintiff submitted in support of his claim, which as represented, is a blank and illegible receipt with the heading "Linens N' Things."   In addition, Discover's evidence shows that in July 2009, Plaintiff stopped making payments on his Discover Account.  After nine months of non-payment, in February 2010, the balance of his account ($952.00) was charged off.  Thus, it was not inaccurate for Discover to report the account as "past due" with a status of "charge off/collection."

In sum, discovery has not revealed a shred of evidence that Bolick did not owe the original disputed sum.  Thus, Defendant's Motion for Summary is granted, and Plaintiff's motion for partial summary judgment is denied.